## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

MD F. HAQUE                                              *
8757 Georgia Avenue, Suite 400                          *
Silver Spring, Maryland 20910                           *
                                                        *
     PLAINTIFF,                *
                                                        *
       v.             *  Case No:  1:16-cv-01528
                                                        *
BOMBAY TANDOOR, INC.                                    *
8603 West Wood Center Drive                             *
Vienna, Virginia 22182                                  *
                                                        *
SERVE:  Jay D. Varma                                    *
3909 44th Street, N                                     *
McLean, Virginia 22101                                  *
                                                        *
And                                                     *
                                                        *
RANI VARMA                                              *
8603 West Wood Center Drive                             *
Vienna, Virginia 22182                                  *
                                                        *
     DEFENDANTS                *
*******************************************************************************

## COMPLAINT

Plaintiff MD F. Haque ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants Bombay Tandoor, Inc. ("Bombay Tandoor") and Rani Varma ("Ms. Varma") (together, "Defendants") to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") as set forth below.

## PARTIES AND JURISDICTION

1.     Plaintiff is an adult resident of the Commonwealth of Virginia.

2.      By acting as named plaintiff in this action, Plaintiff does hereby affirm his consent to participate as a plaintiff in an action under the FLSA and to recover all damages sought in this action.

3.      Bombay Tandoor is a corporation formed under the laws of the Commonwealth of Virginia.

4.      Ms. Varma is an adult resident of Montgomery County, Maryland.

5.      At all times relevant, Ms. Varma has been a primary owner and officer of Bombay Tandoor. In this capacity, Ms. Varma was Plaintiff's most senior supervisor, oversaw the day-to-day operations of Bombay Tandoor, was the individual that set Plaintiff's schedule, was the individual that set Plaintiff's rate and method of pay, and was the individual that maintained all employment records relating to Plaintiff.

6.      At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

7.      At all times relevant to this action, Defendants sold food products that originated from outside the Commonwealth of Virginia.

8.      At all times relevant to this action, Plaintiff and at least two other employees handled food products in performing their job duties that originated from outside the Commonwealth of Virginia.

9.      At all times, both Defendants were Plaintiff's employers under the FLSA.

10.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).

11.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12.     Plaintiff was employed by Defendants for the period of about July 2012 through about December 5, 2016 to perform work duties at Defendants' Bombay Tandoor restaurant in Vienna, Virginia and to perform work duties for Defendants' benefit at various wedding and other celebration venues outside the Commonwealth of Virginia and throughout the multi-state Metropolitan Washington, D.C. region.

13.     During the period of Plaintiff's employment, Defendants paid Plaintiff partially by cash and partially by check at salary rates that increased from $2,600.00 per month to a final and most recent salary rate of $4,300.00 per month.

14.     During Plaintiff's employment, Plaintiff's exact hours worked varied slightly from week to week.

15.     During Plaintiff's employment, Plaintiff regularly and customarily worked at or about seventy-five (75) to ninety (90) or more hours per week.

16.     At all times, Defendants have had actual knowledge of all hours Plaintiff worked and directed Plaintiff to work all hours herein alleged.

17.     During Plaintiff's employment, Plaintiff's regular hourly rate (dividing weekly wages by weekly hours worked) regularly calculated to an hourly amount **less than** $7.25 per hour (*e.g.* $500.00 per week / 80 hours per week = $6.25 per hour).

18.     During Plaintiff's employment, Plaintiff's regular hourly rate was regularly less than the required Federal Minimum Wage.

19.     During Plaintiff's employment, the rate Defendants paid Plaintiff for overtime hours worked per week in excess of forty (40) never complied with the FLSA overtime pay

requirement.

20.     At no time did Defendants ever pay Plaintiff at the rate of the higher of one-and-one half (1½) times Plaintiff's regular rate of pay or one-and-one-half (1½) times the Federal Minimum Wage for overtime hours worked per week in excess of forty (40).

21.     At no time did Plaintiff perform work that meets the definition of work exempt from the FLSA Minimum Wage or time-and-one-half overtime compensation requirement.

22.     At all times, Defendants have had actual knowledge of the required Federal Minimum Wage as Defendants actually hang a Department of Labor poster in a conspicuous location in their restaurant denoting the required Federal Minimum Wage Rate.

23.     At all times, Defendants have had actual knowledge of the required Federal Overtime Pay Requirement as Defendants actually hang a Department of Labor poster in a conspicuous location in their restaurant denoting the required Federal Overtime Pay Requirement.

24.     At all times, Defendants have had actual knowledge that the rate and method by which Defendants have paid Plaintiff has been in direct violation of Federal law.

## CAUSES OF ACTION

### COUNT I
**(Violation of Federal Fair Labor Standards Act)**

25.     Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

26.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at an hourly rate for all hours worked each week in compliance with the FLSA Minimum Wage and Overtime pay requirements.

27.     As set forth above, Defendants have failed to pay Plaintiff at an hourly rate that complies with the FLSA Minimum Wage requirement for all non-overtime hours worked each week.

28.     As set forth above, Defendants have failed to pay Plaintiff at an hourly rate that complies with the FLSA overtime pay requirement for all overtime hours Plaintiff worked in excess of forty (40) each week.

29.     At all times during Plaintiff's employ, Defendants had actual knowledge of the FLSA minimum wage and payment requirements, had actual knowledge of all hours Plaintiff worked each week, and had actual knowledge that the rate and method by which Defendants paid Plaintiff for all the hours he worked was in direct violation of the FLSA.

30.     Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid required FLSA wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*